DOCKET NO. 494

MAR 15 1982

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE AM INTERNATIONAL, INC. SECURITIES LITIGATION

TRANSFER ORDER*

   This litigation consists of thirteen actions pending
in three districts:  ten actions in the Southern District
of New York; two actions in the Northern District of Illinois;
and one action in the Eastern District of Pennsylvania.
Presently before the Panel is a motion, pursuant to 28 U.S.C.
§1407, to centralize all actions in the Northern District
of Illinois for coordinated or consolidated pretrial pro-
ceedings.  Also before the Panel is a cross-motion to centralize
all actions in the Central District of California, again
for coordinated or consolidated pretrial proceedings.

   On the basis of the papers filed and the hearing held,
the Panel finds that these actions involve common questions
of fact and that centralization of these actions under Section
1407 in the Southern District of New York will best serve
the convenience of the parties and witnesses and promote
the just and efficient conduct of the litigation.  Common
factual questions arise from the allegations in each action
that defendants violated various securities laws by engaging
in fraudulent conduct and making false statements of material
fact as to the financial and operating condition of AM
International, Inc.  Centralization under Section 1407 is
therefore necessary in order to prevent duplication of
discovery, avoid inconsistent pretrial rulings, and conserve
the resources of the parties, their counsel, and the judiciary.

   Although we are of the view that any of the suggested
districts could be described as an appropriate transferee
forum for this litigation, on balance we conclude that the
Southern District of New York is the most preferable.  A
large majority of the actions is pending in the Southern
District of New York, reflecting an overwhelming preference
on the part of plaintiffs for that district.  In addition,
defendant Price Waterhouse, who once served as AM International's
accountants and auditors, has established in New York a
document depository containing relevant documents that have
been gathered from offices around the world.  Since financial,
accounting, and auditing documents are likely to play a

_____

*  Judges Roy W. Harper and Sam C. Pointer, Jr. took no
part in the decision of this matter.

-2-

significant role in this litigation, the centralization
of many such documents in New York enhances the Southern
District of New York as the most appropriate transferee
forum for this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407,
the actions listed on the attached Schedule A and pending
in districts other than the Southern District of New York
be, and the same hereby are, transferred to the Southern
District of New York and, with the consent of that court,
assigned to the Honorable John E. Sprizzo for coordinated
or consolidated pretrial proceedings with the actions pending
in that district and listed on Schedule A.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

## Schedule A

MDL-494 -- In re AM International, Inc. Securities Litigation

### Southern District of New York
Marcus Weisman v. New Court Securities Corp., et al.,
  C.A. No. 81 Civ 7124
William A. Kass, et al. v. AM International, Inc.,
  et al., C.A. No. 81 Civ 7225
Madison Fund v. New Court Securities Corp., et al.,
  C.A. No. 81 Civ 7024
Meta Morrison v. Jean Allard, et al.,
  C.A. No. 81 Civ 7538
Robert Hyman v. AM International, Inc., et al.,
  C.A. No. 81 Civ 7543
Robert Pollock, et al. v. AM International, Inc., et al.,
  C.A. No. 81 Civ 7584
Herman Kahan v. AM International, et al.,
  C.A. No. 81 Civ 7772
Robert G. Morris v. AM International, et al.,
  C.A. No. 81 Civ 7812
Frederick Rand v. Jean Allard, et al.,
  C.A. No. 81 Civ 7281
Herbert Silverberg v. AM International, Inc., et al.,
  C.A. No. 81 Civ 8028
### Northern District of Illinois
E.D. Dubowski v. Roy L. Ash., et al.,
  C.A. No. 81C6229
Robert Blakeney,    et al. v. Roy L. Ash, et al.,
  C.A. No. 81C6540
### Eastern District of Pennsylvania
Martina Rucci, et al. v. Roy L. Ash, et al.,
  C.A. No. 81-5378